UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**12FIVE CAPITAL, LLC,**

      **Plaintiff,**

      v.                                          Case No. 24-CV-1355

**BRC LOGS, LUMBER, AND
FLOORING, LLC, et al.,**

      **Defendants.**

# ORDER

      12Five Capital, LLC filed this breach of contract action against BRC Logs, Lumber, and Flooring, LLC, et al., for failing to pay amounts due under an executed loan agreement. (ECF No. 57.) Benada Flooring Products did not answer or otherwise respond to 12Five's second amended complaint (ECF No. 57), and the court granted default judgment against Benada on July 28, 2025. (ECF No. 68.) 12Five and Benada now jointly move to vacate the default judgment. (ECF No. 72.)

      Fed. R. Civ. P. 60(b) governs the grounds for relief from a final judgment. A district court enjoys "great latitude in making a Rule 60(b) decision because that decision is discretion piled on discretion." *Bakery Machinery & Fabrication Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (internal quotations omitted). Rule 60(b)(4) provides that the court may relieve a party from a final judgment if "the judgment is void." A judgment is void as to any party who was not

adequately served. *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016; *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010).

Service of the complaint without the summons is not adequate service. Fed. R. Civ. P. Rule 4(c)(1) ("A summons must be served with a copy of the complaint"); *See also Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."); *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–445 (1946) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Coomer v. Sharp Elecs. Corp.,* 181 F.R.D. 609, 611 (N.D. Ill. 1998) ("[S]ervice of the summons is necessary for proper service").

In their request for entry of default and again in their motion for default judgment, 12Five stated "Benada was served with the Summons and Second Amended Complaint." (ECF No. 64 at 2; ECF No. 65 at 1.) An Affidavit of Service was filed with the court on June 23, 2025. (ECF No. 58.) According to this instant motion, however, "12Five did not request issuance of summons for Benada." (ECF No. 72 at 2.) As a result, Benada only received the second amended complaint. (ECF No. 72 at 2.) Because Benada was not served with a summons, service was inadequate. As a result, the default judgment is void and should be vacated.

**IT IS THEREFORE ORDERED** that the joint motion to set aside default is **GRANTED**. The clerk shall vacate the default judgment as to Benada Flooring Products. (ECF No. 68.) Benada is directed to answer or otherwise respond to 12Five's second amended complaint by October 25, 2025, pursuant to their since executed waiver of service. (ECF No. 73.)

Dated at Green Bay, Wisconsin this 28th day of August, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
